UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONNE MARSH, #343384,

       Petitioner,

                        CASE NO. 2:17-CV-10156
v.                        HONORABLE ARTHUR J. TARNOW

SHIRLEE HARRY,

       Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I. Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner DeVonne Marsh ("Petitioner") pleaded guilty to the attempted delivery or manufacture of less than 50 grams of a controlled substance in the Wayne County Circuit Court and was sentenced to one to five years imprisonment in 2014. In his pleadings, he raises claims concerning his arrest without a warrant and the endorsement of the felony complaint, the filing of a return on the information, the filing of a felony information, and the state court's jurisdiction. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

*Marsh v. Harry*
Case No. 2:17-CV-10156

## II.     Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. In his pleadings, he indicates that he filed state habeas actions in the Marquette County Circuit Court and the Michigan Court of Appeals, both of which were denied. Petitioner, however, does not show that he pursued a direct appeal or a motion for relief

*Marsh v. Harry*
Case No. 2:17-CV-10156

from judgment in the state courts. While Petitioner's time for filing a direct appeal in the state courts has likely expired, there is no time limit for filing a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq*. Petitioner thus has an available remedy in the Michigan courts which must be exhausted before proceeding in federal court. He may raise his claims in a motion for relief from judgment pursuant to Michigan Court Rule 6.500 before the state trial court and then pursue his claims in the state appellate courts as necessary.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). If the Court were to review Petitioner's unexhausted issues, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he litigates those claims in federal court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

### III.   Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted available state court remedies as to his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits or timeliness of the petition at this time.

*Marsh v. Harry*
Case No. 2:17-CV-10156

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court dismisses a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 3, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 3, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant